IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.

Case number: 1:08CR13 SPM/AK

FREDERICK A. FORBES

Defendant.

## ORDER SETTING TRIAL AND OTHER PRE-TRIAL MATTERS

A. TRIAL AND VOIR DIRE PROCEDURE

    1. This case will be tried during the trial period commencing **November 3, 2008** at 8:30 a.m. at the Federal Courthouse, 401 S.E. 1st Avenue, Gainesville, Florida, with Jury Selection to begin at 9:00 a.m. An Attorney Conference is scheduled for 8:30 a.m. on that date.

    2. Voir Dire examination of jurors will be conducted by the court. If a party wishes to submit voir dire questions for the court's consideration, the same must be in writing and filed with the Clerk of Court at least seven (7) days prior to trial, with copy to opposing counsel. At the conclusion of the Court's voir dire examination, reasonable opportunity will be given for counsel to ask questions they believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the court's inquiry.

    3. Jury selection will be accomplished in the following manner:

The entire panel will be examined, after which the attorneys will be given the opportunity to exercise their challenges. Backstriking will not be permitted unless otherwise indicated by the presiding judge.

    4. Prior to jury selection, all parties are requested to determine whether they would be willing to stipulate completing the trial with less than twelve (12) jurors, in the event jurors, after being sworn, become disabled or otherwise excused by the Court.

1

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
GAINESVILLE, FLA.

2008 SEP 24  AM 11:03

FILED

B.   DISCOVERY AND INSPECTION

1. Any request for disclosure of evidence, information or discovery under Federal Rule of Criminal Procedure 16 by the defendant shall be made no later than five (5) working days following the date of this Order. Within (5) working days after receipt of defendant's request, the government shall provide defendant with the evidence, information or discovery so requested. If the defendant requests disclosure under Federal Rule of Criminal Procedure 16(a)(1)(C) or (D), the government shall have three (3) working days thereafter to make request of the defendant under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B). Within five (5) working days after receipt of the government's request, the defendant shall provide the government with the evidence, information or discovery so requested. See N.D. Fla. Loc. R. 26.3(C).

2. Counsel for the parties, or the defendant if not represented by counsel, and counsel for the government shall agree on the time, place and manner of the disclosure of such evidence, information and discovery and of any inspection or photocopying required. The parties' attention is directed to Federal Rule of Criminal Procedure 16(c), (d) and (e).

3. As used in this Order, working days include all days except Saturdays, Sundays, and federal legal holidays.

C.   BRADY MATTERS

The United States Attorney shall disclose any evidence favorable to the defendant on the issues of guilt or innocence, without regard to materiality. Counsel for the defendant, or the defendant if not represented by counsel, shall be provided such evidence promptly after the United States Attorney acquires knowledge thereof. See Brady v. Maryland, 373 U.S. 83 (1963).

D.   NOTICE OF ALIBI AND OF DEFENSE BASED UPON MENTAL CONDITION OR ENTRAPMENT

The parties' attention is directed to Federal Rules of Criminal Procedure 12.1 and 12.2, and Northern District of Florida Local Rule 26.3(F).

E.   MOTIONS BEFORE TRIAL

All pretrial motions permitted or required under the Federal Rules of Criminal Procedures shall be filed no later than ten (10) days after the date of this Order, unless a different time is prescribed by the Federal Rules of Criminal Procedure, an Act of Congress, the Local Rules of this Court, or by the Court at the time of arraignment. The parties' attention is particularly directed to Rule 7.1 of the Northern District of Florida Local Rules.

F.   MOTIONS GENERALLY

All motions shall be accompanied by a written statement certifying that counsel for the moving party, or the moving party if not represented by counsel, has conferred with opposing counsel or party, as the case may be, in a good faith effort to resolve by agreement the issues raised or has attempted to so confer but, for good cause stated, has been unsuccessful. If certain issues have been resolved by agreement, the

written statement shall specify the issue so resolved and those remaining for resolution.

All motions which require evidentiary support shall be accompanied by a signed statement of facts relied upon for the motion.

G. PLEA BARGAINING

Not less than ten (10) days before the trial date, the parties shall advise the judge's chambers and the Clerk of the Court of any plea bargain agreement and arrange for the rearraignment of the defendant in sufficient time prior to trial to permit the excusing of witnesses and jurors and revision of the Court calendar should the negotiated plea be accepted by the Court. Such rearraignment, unless the Court otherwise provides, shall be accomplished at least ten (10) working days prior to the trial date.

H. WITNESS LISTS, SUMMARIES, AND TIME ESTIMATES

At least seven (7) days prior to the trial date, each party shall file a witness list that includes a summary of each witness's testimony and an estimate of the length of time that testimony will take to present.

I. JURY INSTRUCTIONS AND VERDICT FORM

In addition to other matters, at the conference required under Northern District of Florida Local Rule 26.3(G), the parties shall discuss jury instructions and make every effort in good faith to agree upon a set of proposed instructions. All jury instructions to which the parties agree, along with a proposed verdict form, shall be submitted in final form to the Court at the attorney conference scheduled for the day of jury selection. If a party wishes to propose an instruction to which another party does not agree, the party proposing the instruction shall submit the instruction separately along with a memorandum of law.

J. EXHIBITS

All exhibits shall be pre-marked by counsel or the parties prior to trial, in accordance with the guidelines provided by the Clerk of Court.

K. CONTINUING NATURE OF ORDER

This Order is continuing in nature and applies throughout trial.

DONE and ORDERED this 24th day of September, 2008.

ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

United States Attorney

Attorney for the Defendant



William McCool, Clerk
401 Southeast First Avenue
Gainesville, Florida 32601
(352) 380-2400

Counsel of Record

Re: Evidence/Exhibit Preparation for Trial

Dear Counsel:

Pursuant to pretrial requirements of the U.S. District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of trial exhibits.

General information and minimum requirements

1.  Counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during trial. Exhibits will retain the same number throughout court proceedings whether identified, offered or admitted. To avoid confusion, it is preferred that like parties share exhibit numbers. If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name prior to the exhibit number on all exhibit stickers and exhibit lists (for example: Smith-1, Jones-1, etc.).

2.  The exhibits should be individually marked for identification with a secured sticker denoting the appropriate party, the case number and the exhibit number (see Attachment 1). Exhibits should be sequentially numbered in the order they are proposed to be offered. Composite exhibits should have identified sub-exhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1aa, etc.).

3.  Upon marking the exhibits, counsel should prepare a list of such exhibits, in sequence, with a descriptive notation sufficient to identify each separate numbered exhibit and should furnish copies of the list to opposing counsel and to the court at commencement of trial (see Attachment 2). Counsel should inform the court of exhibits to which admission has been stipulated.

4.  Upon identification the courtroom deputy clerk will retain custody of exhibits. The courtroom deputy cannot anticipate the need for exhibits by counsel during examination and cross-examination of witnesses. Counsel should be prepared to ask for exhibits by exhibit number or counsel may request exhibits during breaks between witnesses. Counsel may wish to have additional copies of documentary exhibits on hand for use in examining witnesses. All exhibits that are intended as part of the record should be returned to the courtroom deputy clerk when examination of the witness is completed.

*The mission of the Office of the Clerk is to provide the highest quality support to the judges and chambers staff of the Northern District of Florida in their roles of administering justice to the citizens of this district.*

Tallahassee Division (850) 521-3501 • Pensacola Division (850) 435-8440 • Panama City Division (850) 769-4556

5.  The Eleventh Circuit Court of Appeals has established that documents of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the Clerk of this Court with the record on appeal (see FRAP 11 - 11th Circuit Rules). Oversized exhibits, posters, and nondocumentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial. This includes sensitive exhibits in criminal trials. If the court of appeals requests exhibits that are retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta.

Recommendations for marking

Some steps in exhibit preparation make the use of exhibits in trial flow faster and more efficiently. The following suggestions are not requirements of the court and may not be practical or economical in some trials.

    Three-ring binders. Counsel may find it useful, in situations where voluminous paper exhibits are to be offered, to place the exhibits in three-ring binders with a numbered tab index.

    Oversized exhibits and posters. As previously mentioned, any oversized exhibits, non-documentary exhibits and posters will be returned to counsel at conclusion of trial. Counsel should consider filing file size (8.5 x 11") copies of posters and photographs of nondocumentary exhibits if they wish those exhibits considered in any appeal.

Return of exhibits

    The Clerk will return all oversized, sensitive and nondocumentary exhibits to counsel at the conclusion of trial. The Clerk will retain and dispose of all other retained exhibits in accordance with Local Rule 5.2 (see Attachment 1). Please note that it is the responsibility of counsel to retrieve exhibits from the clerk upon the decision of this court or, in the event of an appeal, upon the decision of the appeals court.

    If you have any questions regarding trial exhibits, please contact the courtroom deputy clerk for the judicial officer assigned to your case.

    Sincerely,

    WILLIAM McCOOL,
    CLERK OF COURT

    *s/ TiAnn Stark*

    TiAnn Stark
    Courtroom Deputy Clerk

Eff. 10/30/2000

Attachment 1

> Local Rule 5.2 Exhibits - Disposition
>
> (A) All exhibits offered or received in evidence during any proceeding in this court shall be delivered to the clerk who shall keep them in custody unless otherwise ordered by the court, except:
>
>> (1) Sensitive exhibits, such as, but not limited to, illegal drugs, explosives, weapons, currency, articles of high monetary value, exhibits of a pornographic nature, or the like, shall be retained by the submitting law enforcement agency or party who shall then be responsible to the court for maintaining custody and the integrity of such exhibits, and
>>
>> (2) The clerk may, without special order, permit an official court reporter to retain custody pending preparation of the transcript.
>
> (B) All models, diagrams and exhibits remaining in the custody of the clerk shall be retrieved by the parties within three (3) months after the case is finally decided, unless an appeal is taken. In all cases in which an appeal is taken, all exhibits shall be retrieved within thirty (30) days after the filing and recording of the mandate of the appellate court finally disposing of the case.
>
> (C) If exhibits are not retrieved as required by this rule, the clerk may destroy them or make such other disposition as may be authorized by the court.

Northern District of Florida - Local Rule 5.2

Standard exhibit labels examples

| GOVERNMENT EXHIBIT 1 | PLAINTIFF'S EXHIBIT 2 | DEFENDANT'S EXHIBIT 3 A |
|---|---|---|
| case number | GCA 1:99cr1-MMP | GCA 1:99cr12 MMP |
| Government Gold Label | Plaintiff Pink Label | Defendant Blue Label |

6

Attachment 2 - EXAMPLE OF EXHIBIT LIST

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN Q. DOE,
    Plaintiff

v.                                                                                  GCA 1:99-cr-1-SPM

WILLIAM Z. SMITH and
THE CITY OF GOTHAM,
    Defendants
_____/

### Example Plaintiff's Trial Exhibit List

| Pltf # | Date ID'd | Date Admitted | Witness(es) | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | " " | Transcript of pltf exh 2a - audiotape |
| 3 | | (Stipulated) | Sally Smith, Paul Jones | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-g | | | | Photos - 4" x 6" of:<br>a - automobile<br>b - tires<br>c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pltf exh 5 |
| 6 | | | | Acme Co. Procedures manual |
| 6a | | | | Enlarged excerpt of page 42 from pltf exh 6 |

7